## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BARBARA SLUSHER DBA SEW CHICK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 5:20-cv-00607** |
| **v.** | § | |
| | § | **State Case No. 2020CI07462** |
| **MID-CENTURY INSURANCE** | § | |
| **COMPANY and GINGER NICOLE HESS** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mid-Century Insurance Company, by and through the undersigned counsel of record, hereby removes this civil action to the United States District Court for the Western District of Texas, San Antonio Division from the 408th Judicial District of Bexar County, Texas, and respectfully shows as follows:

### PARTIES

1. Plaintiff Barbara Slusher DBA Sew Chick ("Plaintiff") is a resident of Bexar County, Texas.

2. Defendant Mid-Century Insurance Company ("Mid-Century") is a California corporation with its principal place of business in California.

3. Defendant Ginger Nicole Hess ("Hess") is a resident of Harris County, Texas who has not been served. Furthermore, Hess has been improperly joined as a Defendant in this suit solely for purposes of defeating diversity jurisdiction. Therefore, as further described

below, Hess's citizenship should be disregarded for purposes of evaluating diversity in this matter.

## PROCEDURAL HISTORY

4. On April 21, 2020, Plaintiff filed an action against Mid-Century in District Court in Bexar County, Texas, Cause No. 2020CI07462 (the "State Court Action").

5. A copy of the Petition and Citation from the State Court Action were served on Mid-Century's registered agent for service of process on April 29, 2020.

6. Plaintiff's Petition in the State Court Action alleges monetary damages of more than $100,000 for breach of contract; breach of the duty of good faith and fair dealing; and noncompliance with Chapters 541 and 542 of the Texas Insurance Code including: unfair settlement practices, misrepresentation of the insurance policy, failure to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim, failure to accept or deny Plaintiff's claim within statutorily mandated time of receiving notice of the claim, and wrongful denial of Plaintiff's claim.

7. Plaintiff failed to give the required 60 day pre-suit notice prior to filing and serving her claim against Mid-Century as required by Texas Insurance Code §541.154.

8. On May 12, 2020, after Mid-Century had been served but before its deadline to appear or respond to Plaintiff's Original Petition, Plaintiff filed a First Amended Original Complaint adding Hess, the claims adjuster who handled Plaintiff's claim, as an individual Defendant.

9. Plaintiff's First Amended Original Petition includes conclusory allegations that Hess violated Chapters 541 and 542 of the Texas Insurance Code by:

A. misrepresenting one or more material facts and/or policy provisions relating to coverage;

B. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability had become reasonably clear;

C. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability had become reasonably clear in order to influence Plaintiff to settle her claims with respect to another portion of the policy;

D. failing to promptly provide a reasonable explanation for the basis in law or fact for denial of Plaintiff's claims;

E. refusing to affirm or deny coverage within a reasonable time;

F. refusing to conduct a reasonable investigation;

G. ignoring damage known to be covered by the Policy;

H. creating evidence to provide the carrier with a basis to deny coverage; and/or

I. conducting an outcome-oriented investigation in order to provide the carrier with a basis to deny the claim.

10. Plaintiff's First Amended Complaint also alleges Hess and Mid-Century are liable for civil conspiracy to accomplish unspecified violations of the Texas Insurance Code.

11. Plaintiff failed to give the required 60 day pre-suit notice prior to filing her claim against Hess as required by Texas Insurance Code §541.154.

12. Hess has not been served.

13. On May 20, 2020, Mid-Century informed Plaintiff of its election pursuant to Section 542A.006 of the Texas Insurance Code to accept liability, if any, Hess may have for acts,

omissions, statutory violations or other wrongdoing related to the claim referenced in Plaintiff's First Amended Original Petition.

14. As a result of Mid-Century Insurance Company's election, Plaintiff has no causes of action against Hess.

## VENUE

15. Under 28 U.S.C. § 1441, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. The San Antonio Division of the Western District of Texas is the United States District and Division embracing Bexar County, Texas, the county in which the State Court Action is pending. *See* 28 U.S.C. § 124(d)(4).

## DIVERSITY JURISDICTION

16. This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the properly joined and served parties and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

17. Plaintiff is a natural person. Plaintiff was at the time the State Court Action was filed, and is currently, domiciled in the state of Texas. Plaintiff was at the time the State Court Action was filed, and is currently, a citizen of the state of Texas. *See* Exhibit A (Plaintiff's Original Petition and Plaintiff's First Amended Original Petition).

18. Mid-Century is a California corporation with its principal place of business in California. Mid-Century was at the time the State Court Action was filed, and is currently, a citizen of the state of California. At the time the State Court Action was commenced, and at the

time of removal, Mid-Century was, and remains, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332(a)(1).

19. Plaintiff's Original Petition and First Original Amended Petition in the State Court Action allege damages of more than $100,000 and additionally pleads for costs of suit and interest. *See* Exhibit A (Plaintiff's Original Petition and Plaintiff's First Amended Original Petition).

20. The allegations in Plaintiff's Original Petition and First Original Amended Petition in the State Court Action establish the amount in controversy exceeds $75,000, exclusive of interests and costs.

21. Defendant denies that it is liable to Plaintiff for any amount of damages.

### JOINDER OF HESS IS INCOMPLETE

22. 28 U.S.C 1441(b)(2) prohibits removal only where a forum defendant has been "properly joined and served."

23. Hess has not been served at the time of removal, and, therefore her presence as a forum-state named defendant cannot render removal improper.

24. An otherwise proper removal is not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal. *Parker v. J.B. Hunt Transport, Inc.*, No. 5:19-CV-969-DAE, 2019 WL 6048002, at *2 (W.D. Tex. Sept. 12, 2019); *LMN Consulting, Inc. v. DaVincian Healthcare, Inc.*, No. A-18-CV-1085-LY, 2019 WL 2565281, at *2 (W.D. Tex. Mar. 29, 2019).

25. Complete diversity is established and removal is proper on this basis alone.

## JOINDER OF HESS IS IMPROPER

26. Furthermore, Hess has been improperly joined in an attempt to defeat diversity jurisdiction.

27. The doctrine of improper joinder allows the Court to disregard the citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

28. Plaintiff cannot establish a cause of action against Hess in state court and her citizenship is properly disregarded.

29. When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Smallwood*, 385 F.3d at 573. This requires "a reasonable possibility of recovery, not merely a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation omitted).

30. Plaintiff fails to plead facts sufficient to establish a reasonable basis for recovery against Hess. Plaintiff's pleading merely contains vague and conclusory recitations of the alleged violations of the Texas Insurance Code with little to no factual support. *See* Exhibit A (Plaintiff's First Amended Original Petition at 6-8). Specifically, Plaintiff only pleads three specific factual allegations with regard to Hess: 1) she had a phone conversation with Plaintiff; 2) she sent Plaintiff a denial letter; and 3) a vague allegation about Hess's representation regarding the Policy coverage. *See* Exhibit A (Plaintiff's First Amended Original Petition at 7).

31. Plaintiff's remaining allegations with regard to Hess do nothing more than track the language of the Texas Insurance Code. *See* Exhibit A (Plaintiff's First Amended Original Petition at 6-8). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements" are not adequate to state a claim under federal standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the facts alleged in the pleading are not specific enough to permit the Court to predict a reasonable likelihood of Plaintiff's recovery against the defendant, joinder is improper. *Barrera v. Allstate Insurance Company*, Civil Action No. DR–16–CV–0037, 2017 WL 3274469, at *11, 13 (W.D. Tex. March 6, 2017); *see also Cherry v. Liberty Ins. Corp.*, C.A. No. 6:17–cv–00274, 2018 WL 1833252, at *4-5 (W.D. Tex. Feb. 1, 2018).

32. For example, Plaintiff's pleading alleges that Hess failed "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability had become reasonably clear." The Texas Insurance Code imposes liability on a person engaged in the business of insurance for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). Essential to liability under this subsection are (1) that the person had the ability/authority to make a settlement of the claim and (2) that the insurer's liability had become reasonably clear. Plaintiff pleads no facts from which the Court could conclude Hess had authority to settle Plaintiff's claim and fails to demonstrate when or how Hess would know that the insurer's liability became reasonably clear. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (holding that an adjuster cannot be held liable under this section because an adjuster does not have settlement

authority on behalf of the insurer). Thus, there is no reasonable basis for the Court to predict Plaintiff might recover against Hess.

33. Plaintiff further pleads that Hess failed "to promptly provide a reasonable explanation for the basis in law or fact for denial of Plaintiff's claims." The Texas Insurance Code imposes liability on a person engaged in the business of insurance for "failing to promptly provide a policy holder a reasonable explanation of the basis in the policy, in relation to the fact or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of the claim." Tex. Ins. Code § 541.060(a)(3). Plaintiff fails to allege sufficient facts showing how Hess violated this statute.

34. Likewise, Plaintiff alleges Hess refused "to affirm or deny coverage within a reasonable time." The Texas Insurance Code prohibits a person engaged in the business of insurance from "failing within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder; or . . . submit a reservation of rights to a policyholder." Texas Insurance Code § 541.060(a)(4). Hess, however, can have no liability under this subsection without authority to affirm or deny the claim. *See One Way Invs., Inc. v. Century Sur. Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (holding an adjuster cannot be liable under Tex. Ins. Code § 541.060(a)(4) because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to the policyholder). Plaintiff's generic allegations and lack of specific facts showing that Hess had authority to affirm or deny the claim or how Hess allegedly violated this provision do not form a reasonable basis of recovery against Hess.

35. Plaintiff's civil conspiracy claim fails both because Plaintiff's pleading fails to support the underlying violations and because Plaintiff fails to allege any facts to show a

conspiracy between Hess and Mid-Century, again doing nothing more than reciting the elements of the cause of action. *See* Exhibit A (Plaintiff's First Amended Original Petition at 8).

36. Furthermore, Plaintiff fails to allege how she was damaged by Hess's alleged violations independent from the injury allegedly caused by the wrongful denial of her claim. "There can be no recovery for extra-contractual damages for mishandling of claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkan Int., LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998)). Plaintiff has failed to plead facts supporting a reasonable basis of recovery against Hess because she does not plead independent damages caused by Hess which are separate and apart from the alleged damages arising out of the alleged wrongful denial of policy benefits by Mid-Century. *See* Exhibit A (Plaintiff's First Amended Original Petition). Rather, Plaintiff's Original Petition and First Amended Original Petition indicate that the amount of damages Plaintiff is seeking is the same as between Mid-Century and Hess. *See* Exhibit A (Plaintiff's Original Petition and Plaintiff's First Amended Original Petition).

37. Because the pleaded facts do not form more than a theoretical basis for recovery, Plaintiff fails to allege a cause of action against Hess.

38. In addition to Plaintiff's failure to plead facts sufficient to establish a cause of action against Hess, Plaintiff has no cause of action against Hess by virtue of Mid-Century's election under Section 542A.006 of the Texas Insurance Code. Mid-Century made its

election before Hess was served, and, as a result, no cause of action exists as to Hess. Tex. Ins. Code. § 542A.006(b).

39. In a case where the Plaintiff's pleading has "omitted discrete facts that would determine the propriety of joinder," a court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. The Court may consider Mid-Century's Section 542A.006 election letter as part of its jurisdictional inquiry. *Electro Grafix, Corp. v. Acadia Ins. Co*., Civil Action No. SA-18-CA-589, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018).

40. Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal must be examined as of the time of removal. *La. v. Am. Nat'l Prop. Cas. Co*., 746 F.3d 633, 636-37 (5th Cir. 2014); *Gebbia v. Wal–Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000); *see also Barrera v. Allstate Ins. Co*., Civil Action No. DR–16–CV–0037, 2017 WL 3274469, *6 (W.D. Tex. March 6, 2017); *Dean v. State Farm Lloyds,* No. 5:16–CV–1321, 2017 WL 5197872, at *3 (W.D. Tex. June, 13, 2017).

41. When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff "unable (not merely unlikely) to succeed on their claims" against a non-diverse agent. *See* Tex. Ins. Code §§ 542A.006(b), (c), (f); *Flores v. Allstate Vehicle and Property Insurance Co. Company*, Civil Action No. SA-18-CV-742, 2018 WL 5695553, at *5 (W.D. Tex. April 22, 2019). Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship

may be disregarded for diversity jurisdiction purposes. *Bexar Diversified MF-1, LLC v. General Star Indemnity Co.*, SA-19-CV-00773, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019); *Yan Qing Jiang v. Travelers Home and Marine Ins. Co.*, 1:18-CV-758, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018); *Electro Grafix, Corp.*, 2018 WL 3865416, at *4.

### REMOVAL IS TIMELY

42. Under 28 U.S.C. § 1446(b), an action is timely removed if the notice of removal is filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons if such initial pleading has been filed in court and is not required to be served on the defendant. Mid-Century was served with a copy of Plaintiff's initial pleading in the State Court Action on April 29, 2020. This Notice of Removal is being filed within thirty days after service of Plaintiff's initial pleading. As such, this removal is timely.

### PROCEDURAL REQUIREMENTS

43. Mid-Century has complied with all applicable provisions of 28 U.S.C. § 1441 *et seq.*, the applicable Federal Rules of Civil Procedure, and the Local Rules of this District.

44. Mid-Century attached hereto those materials required to be filed upon removal in accordance with the applicable provisions of 28 U.S.C. § 1441 *et seq.*, the applicable Federal Rules of Civil Procedure, and the Local Rules of this District. Additionally, the filing fee has been tendered to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, along with the original Notice of Removal.

45. Pursuant to 28 U.S.C. § 1446(d), Mid-Century shall file a copy of this Notice of Removal with the District Clerk of Bexar County, Texas and the Clerk of the 408th Judicial District, the Court where the State Court Action is pending.

46. True and correct copies of the following documents are attached in support of this Notice of Removal:

   A. Exhibit A – All pleadings asserting causes of action, and all answers to such pleadings filed in the State Court Action;

   B. Exhibit B – The docket sheet from the State Court Action;

   C. Exhibit C – A list of all counsel of record, including addresses, telephones and parties represented;

   D. Exhibit D – Notice of Filing Notice of Removal to be filed in State Court Action; and

   E. Exhibit E – Mid-Century's May 20, 2020  Section 542A.006 election letter.

WHEREFORE, Mid-Century prays that this Honorable Court take full jurisdiction of this action as if it had been originally filed here to the exclusion of any further proceedings in the State Court Action, in accordance with law, and for any such other or further relief to which Mid-Century may show itself entitled to herein.

Dated: May 20, 2020

Respectfully submitted,

By:     */s/ Bruce D. Oakley*
Bruce D. Oakley
Texas SBN 15156900
**HOGAN LOVELLS US LLP**
609 Main Street, Suite 4200
Houston, Texas 77002
T (713) 632-1400
D (713) 632-1420
F (713) 632-1401
bruce.oakley@hoganlovells.com

**Counsel for Defendant
Mid-Century Insurance Company**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 20, 2020, all counsel of record received service of this document via the Court's electronic-filing system.

*/s/ Bruce D. Oakley*
Bruce D. Oakley