IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARBARA SLUSHER DBA SEW CHICK | § | REMOVED FROM CAUSE NO. |
| | § | 2020CI07462 |
| | § | 408TH JUDICIAL DISTRICT |
| | § | BEXAR COUNTY |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Civil Action No. 5:20-CV-00607 |
| | § | |
| MID-CENTURY INSURANCE COMPANY | § | |
| and GINGER NICOLE HESS | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, BARBARA SLUSHER DBA SEW CHICK, and files this Second
Amended Complaint against MID-CENTURY INSURANCE COMPANY, a member of The
Farmers Insurance Group of Companies, ("Farmers") and in support thereof, would show as
follows:

**I.**

1.      Plaintiff files this Amended Petition within 21 days of service of her First Amended
Petition.

**II.**
## DISCOVERY CONTROL PLAN LEVEL

2.      Discovery will be conducted according to the Federal Rules of Civil Procedure, local rules,
and any scheduling order of the Court.

1

### III.
### PARTIES AND SERVICE

3.      Plaintiff is doing business in Bexar County, Texas.

Farmers is in the business of insurance in the State of Texas. The insurance business done by Farmers in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

4.      Defendant **Mid-Century Insurance Company** has been served and has made an appearance.

5.      Defendant Ginger Nicole Hess has not yet been served. Plaintiff is in the process of locating an additional address because the address listed by Hess on the  Texas Department of Insurance website is incorrect.

### IV.
### JURISDICTION AND VENUE

6.      Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiff and Property which is the subject of this suit are located in Bexar County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### V.
### BACKGROUND FACTS

7.      Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy").

Defendant provided the Plaintiff's business insurance for the businesses located at 11723 Whisper Valley Street, San Antonio, Texas; 24165 IH 10 W, Suite 225, San Antonio, Texas 78257; and 4021 Broadway, San Antonio, Texas 78209 (hereinafter referred to as "the Properties"). Farmers sold the Policy insuring the Property to Plaintiff. The Declarations pages for the Policy and the policy provided to Plaintiff is attached hereto as Exhibit A. The Policy is an all-risk policy and has been continuously in full force and effect since inception, providing coverage for property, business personal property, business income, extra expense and additional coverages including Civil Authority.

8.      During the terms of said Policy, Plaintiff has sustained and will sustain covered losses during the Covid-19 outbreak and subsequent Bexar County and State of Texas Orders, attached hereto as Exhibit B, and Plaintiff reported same to Farmers pursuant to the terms of the Policy. Plaintiff asked that Farmers cover the cost for business interruption to the Properties pursuant to the Policy. Farmers assigned Ginger Hess to adjust the claim and investigate the loss related to business interruption; however, she failed to properly investigate as described more specifically below. Due to her failure, the claim has been wrongfully denied. To date, she and Farmers have mishandled Plaintiff's claim and caused and will continue to cause Plaintiff further and additional damages.

9.      The World Health Organization ("WHO") identified the disease caused by the 2019 Novel Coronavirus as "COVID-19" on February 11, 2020. On March 11, WHO characterized COVID-19 as a pandemic. WHO saw "alarming levels of spread and severity, and by the alarming levels of inaction." WHO representatives stated, "[W]e have never before seen a pandemic sparked by a coronavirus. This is the first pandemic caused by a coronavirus. And we have never before seen a pandemic that can be controlled, at the same time." The Center for Disease Control ("CDC") has

stated that a "pandemic is a global outbreak of disease. Pandemics happen when a new virus emerges to infect people and can spread between people sustainably. Because there is little to no pre-existing immunity against the new virus, it spreads worldwide."

10.     Plaintiff is in the retail business. On March 23, 2020, Nelson W. Wolff, Bexar County Judge, issued an executive order closing all businesses unless "exempted" beginning on March 24th and ending April 9th. *See* Exhibit B. Plaintiff's business was not exempt. *Id.* On March 31, 2020, the State of Texas Governor Greg Abbott signed an executive order closing all "non-essential" businesses beginning April 2nd through April 30th of 2020. *See* Exhibit B. Plaintiff's business is not considered "essential" by Governor Abbott's order. *Id.* Plaintiff was beginning to lose business income even before March 23, 2020 because of peoples' fear of Covid-19.

11.     The described purposes of the Orders are to protect the "health, safety and welfare" of Bexar County and Texas residents, and to slow the spread of Covid-19 by "minimizing social gatherings" and "minimize in-person contact." *See* Exhibits B. According to the Texas Department of Health and Human Services, Covid-19 has been and continues to be present in Bexar County.

12.     Beginning on March 24, 2020, Plaintiff could no longer open and conduct business and began losing business income. Plaintiff submitted its claims to Farmers, and it denied the claim without conducting an investigation. The pandemic and health care crises has resulted in the Plaintiff suffering a physical loss of the insured Properties, and alternatively damage to the insured Properties and suspension of its business that are covered under the business Income Loss provisions of the Policy. Alternatively, coverage is available under Civil Authority coverage under the Policy.

**A.    Coverage for Business Income**

13.    Plaintiff's Policies under "Covered Causes of Loss" insures for "risks of direct physical loss" unless the loss is excluded or limited. *See* Exhibit A, p. 37. Further, Plaintiff's Policy provides coverage for Loss of Business Income and Extra Expense as follows:

> We will only pay for loss of business income that you sustain during the "period of restoration." The maximum period for which we will pay for such loss of Business income is the applicable number of consecutive months shown in the Schedule after the date of direct physical loss or damage.

*Id.* at p. 39. Plaintiff suffered lost income when the Orders closed the business, and on information and belief Plaintiff will continue to suffer lost income even after the Orders are lifted due to fear of Covid-19. The proliferation of the Covid-19, consumer fear of the Covid-19, and the stay at home orders have caused Plaintiff physical loss of the property and loss of business income and are not specifically excluded by the Policy. Plaintiff's business has been transformed by external events, not specifically excluded, from a sustainable, revenue generating operation to the unsatisfactory state of closure and now slowed business. The presence of the Covid-19 in Bexar County alone triggers coverage because it renders the Property unsafe or makes it unusable for its intended purpose.

**B.    Coverage for Civil Authority**

14.    Plaintiff's Policy also provides additional coverage for Civil Authority:

> We will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that **prohibits access** to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

*Id.* at p. 41 (emphasis added). The Orders are clearly acts of Civil Authority which have caused Plaintiff loss of business income as described above. The Orders, along with their stated purposes, qualify as a Covered Cause of Loss under the Policy, especially given that there is precedent that

holds "physical loss" can occur without actual tangible physical damage to a property. The premises not more than one mile from Plaintiff's Properties have suffered the same physical loss as Plaintiff has suffered due to the pandemic.

**C.     Farmers' Wrongful Denial**

15.     Farmers made no request to Plaintiff for documents or information relating to the claim, and it denied Plaintiff's claim shortly after the claim was presented meaning it could not have done a proper or thorough  investigation or have any evidence that any exclusions applied.

16.     Farmers' denial was based, in part, on a lack of "physical damage" to Plaintiff's Property. *See* Exhibit C. But the Policy does not require a loss solely caused by physical "damage" as it also provides coverage for physical "loss."  The Policy does not define "physical loss" and that term has been broadly defined in property policies for decades to include losses that are not actual tangible damage to property. At the very least, Plaintiff suffered a physical loss of the covered property as a result of fear and actions taken to limit the impact of the pandemic on the health, safety and welfare of Bexar County citizens. Further, Plaintiff clearly suffered physical loss to Covered Property because it was unable to operate. As well, Farmers' denial of Civil Authority coverage is based on its claim that the coverage is only triggered when "access to the described premises due to **direct physical loss** of or damage to the property, other than at the described premises…" *See* Exhibit C (emphasis added). The Policy does not define "damage" in the property coverage section, and "damage" is broadly defined in its common ordinary meaning. Farmers did, however, define "property damage" in the Liability coverage portion of the Policy as "physical injury to tangible property." *Id.* p. 58. It could have, but did not, so define "physical loss" under the Property coverage portion of the Policy.

17.     Farmers relies on the "Consequential Losses" and "Acts or Decisions" exclusions for its denial. *Id.* These exclusions are extremely vague and, if applicable, would never allow for coverage for loss of income due to pandemic or Civil Authority rendering such coverages meaningless.

18.     Farmers failed to give proper, advance notice and disclosure of the Exclusions and is thus barred from reliance upon them.

19.     On information and belief, Farmers is barred from relying on the Exclusions as a result of regulatory and/or administrative estoppel.

20.     Alternatively, the Exclusions as interpreted by Farmers are unconscionable and/or contrary to public policy and cannot be enforced as written.

21.     Farmers made material misrepresentations about Policy provisions, coverage and the law in Texas applying thereto with regard to Plaintiff's Loss of Business Income and Civil Authority additional coverages.

22.     Farmers considered only its own interests, proceeded only according to its one-sided and self-serving interpretation of the Policy, and attempted to conceal from Plaintiff that Farmers made no effort to consider its interests. Farmers pre-textually looked only for ways to avoid coverage rather than first trying to find coverage.

23.     Farmers wrongfully denied Plaintiff's claims for business interruption even though the Policy provides coverage for losses such as those suffered by Plaintiff. Furthermore, by information and belief, Farmers engaged its agents to misrepresent Policy provisions and coverage. To date, Farmers continues to deny the payment for Plaintiff's loss of business.

## VI.
## CAUSES OF ACTION AGAINST FARMERS

**A.    BREACH OF CONTRACT**

24.    Plaintiff re-alleges the foregoing paragraphs. Farmers and its agents' conduct constitutes a breach of the insurance contracts between it and Plaintiff. Farmers' failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question pursuant to the additional coverages of Loss of Business Income and Civil Authority, and under the laws of the State of Texas, constitutes a breach of the insurance contracts with Plaintiff.

25.    Farmers failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy pursuant to the additional coverages of Loss of Business Income and Civil Authority. Specifically, Farmers wrongfully denied coverage and refused to offer the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover Plaintiff's business loss, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. Farmers' conduct constitutes a breach of the insurance contracts between it and Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

**1.    UNFAIR SETTLEMENT PRACTICES**

26.    Plaintiff re-alleges the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. Farmers violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

**§ 541.061.  Misrepresentation of Insurance Policies.**

- Making an untrue statement of material fact;

- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

As alleged above, Farmers misrepresented to Plaintiff that the Policy required actual physical, tangible damage to its Property in order for it to have coverage for Business Income. In the same letter, Farmers also misrepresented that the Civil Authority Additional Coverage in the Policy (along with others) applied only when "access to the described premises is prohibited when there is direct physical damage to other property, not on the described premises, from a covered cause of loss." These statements are not only false, they are incongruous.

### 2.    THE PROMPT PAYMENT OF CLAIMS

27.    Plaintiff re-alleges the foregoing paragraphs. Farmers' conduct constitutes and will continue to constitute multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

28.    Farmers failed to meet its obligations under the Texas Insurance Code regarding timely beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29.    Further, Farmers failed to accept Plaintiff's full and entire claim within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30.    Farmers failed and will fail to timely pay Plaintiff's claim, and for all of the covered losses due to its wrongful denial of the policy benefits.  TEX. INS. CODE §542.057.

31.    Farmers failed and will fail to meet its obligations under the Texas Insurance Code

regarding payment of claim without delay due to its wrongful denial. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

32.     Because of Farmers' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

## C.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33.     Plaintiff re-alleges the foregoing paragraphs. Farmers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

34.     From and after the time Plaintiff's loss was presented to Farmers, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full and wrongfully denied the claim, despite there being no basis upon which a reasonable insurance company would have relied to deny the full payment. Farmers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

35.     Further, Farmers' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.

## CAUSES OF ACTION AGAINST DEFENDANT HESS

## A.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE

36.     Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Hess was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Hess

constitute one or more violations of the Texas Insurance Code. More specifically, Hess has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

    • misrepresenting one or more material facts and/or policy provisions relating to coverage;

    • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

    • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claims with respect to another portion of the policy;

    • failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

    • refusing to affirm or deny coverage within a reasonable time;

    • refusing to conduct a reasonable investigation;

    • ignoring damage known to be covered by the Policy;

    • creating evidence to provide the carrier with a basis to deny coverage; and/or

    • conducting an outcome-oriented investigation in order to provide the carrier with a basis to deny the claim.

37.    Farmers assigned the loss and the claim to Hess who was at all pertinent times the agent of Farmers, through both actual and apparent authority. The acts, representations and omissions of Hess are attributed to Farmers. Hess was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's loss. Despite the fact that the Texas Insurance Code dictates adjusters must conduct a reasonable investigation and adjustment of a claim, Hess failed

to do so and actually set out to conduct an outcome-oriented investigation and adjustment, which has and will result in an inequitable settlement of Plaintiff's claim.

38.     Hess pre-textually looked only for ways to avoid coverage rather than first trying to find coverage. Notably, she made no request for documentation. Instead, following a phone conversation, she immediately sent Plaintiff a denial letter stating that there is no coverage for Plaintiff's loss. Hess misrepresented the policy coverages to Plaintiff. She misrepresented to Plaintiff that in order to have coverage for Business Income, it had to have sustained direct physical damage to the Property. However, Plaintiff's Policy covers physical *loss* to the property, not just physical damage. As well, Hess misrepresented to Plaintiff that because access to the property was not prohibited due to physical loss or physical damage to other property there was no Civil Authority coverage. But Hess did no investigation whatsoever to make such a determination. She also wholly ignored the state and local Orders. Rather than advising Farmers to pay Plaintiff's claim, investigating more with respect to the local and state orders or even sending a reservation of rights letter, Hess sent Plaintiff a denial letter right after the claim was made, despite the fact the Policy provides coverage for Plaintiff's business loss. As result of Hess' misrepresentations, inadequate and outcome-oriented investigation, Plaintiff has not received any payment for the claim.

39.     The foregoing conduct was and is the producing cause(s) of injury and damage to Plaintiff and Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Hess' conduct caused a failure to effectuate a prompt, reasonable settlement of the claim. Moreover, one or more of the foregoing acts or omissions were committed "knowingly" entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

**VII.**
**CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR CIVIL CONSPIRACY**

40.     Plaintiff re-alleges the foregoing paragraphs. The Defendants conspired to delay and deny or underpay Plaintiff's claim. Farmers assigned Hess to investigate Plaintiff's claim, and the Defendants set out to intentionally conduct an outcome-oriented investigation in order to avoid paying for all of the damages to Plaintiff's Property covered by the Policy. The denial letter misrepresenting coverage, as well as the questions asked of Plaintiff to create a basis for denial via application of various exclusions in the Policy, were either independent acts by Hess in violation of the Insurance Code or a meeting of the minds between Hess and Farmers to accomplish violations of the Insurance Code – the discovery process will bear out which. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

**VII.**
**KNOWLEDGE**

41.     Each of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**VIII.**
**DAMAGES**

42.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by and will be sustained by Plaintiff.

43.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

44.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the Policy but for the wrongful denial, court costs, consequential damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

45. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

46.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

47.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

48.    In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

49.    The clear and unambiguous language of the policies provides coverage for business interruption and other losses to the Property caused by losses made the basis of Plaintiff's claims;

50.    In the alternative, any other construction of the language of the policies are void as against public policy;

51.    Any other construction and its use by the Defendant violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

52.    Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

53.    In the alternative, should the Court find any ambiguity in the policies, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

54.    In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policies coverage at issue;

55.    In the alternative, to the extent that the wording of such policies do not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

## X.

56.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein; that, on final hearing, Plaintiff has judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. Plaintiff pleads that the damages will be more than $100,000 but less than $200,000. Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Defendant, to which Plaintiff may be justly entitled.

Respectfully submitted,

By:_____

SHANNON E. LOYD
 "Attorney in Charge"
State Bar No. 24045706
THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
(210) 775-1424
Fax (210) 775-1410
Email: shannon@theloydlawfirm.com

**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF REQUESTS A TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of *Plaintiff's Second Amended Original Petition* was served on the attorney in charge for Defendant by electronic filing pursuant to the Federal Rules of Civil Procedure, on this 9th day of June, 2020 to:

Bruce D. Oakley
Texas Bar No.:  15156900
HOGAN LOVELLS US, LLP
609 Main Street, Suite 4200
Houston, Texas 77002
(713) 632-1400
Email:  bruce.oakley@hoganlovells.com
**ATTORNEY FOR DEFENDANT FARMERS**

_____
SHANNON E. LOYD